## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHERRY SPOONER,

                Appellant,

        v.

DEPARTMENT OF JUSTICE,

                Agency.

DOCKET NUMBER
DC-315H-14-0105-I-1

DATE: March 31, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Rani Rolston, Washington, D.C., for the appellant.

Jason Laeser, Esquire, Springfield, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2     Effective October 21, 2012, the agency awarded the appellant a career conditional appointment to the competitive service position of Import/Export Specialist, subject to a 1-year initial probationary period. Initial Appeal File (IAF), Tab 11 at 194. Effective October 17, 2013, the agency terminated the appellant for preappointment reasons. *Id*. at 182-93. The appellant filed a Board appeal and on January 31, 2014, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 1, Tab 13, Initial Decision (ID) at 1, 6. The initial decision notified the appellant of her further review rights, including the deadline for filing a petition for review with the Board—March 7, 2014. ID at 6-10.

¶3     On March 2, 2014, the appellant requested an extension to file her petition for review until March 9, 2014. Petition for Review (PFR) File, Tab 1 at 4. The appellant's request was granted, and the Clerk of the Board informed her that the filing deadline was extended to March 14, 2014. PFR File, Tab 2.

¶4     The appellant did not file her petition for review before that deadline. Rather, she waited more than 9 months and filed her petition on December 20, 2014. PFR File, Tab 3. She explained that her petition for review was untimely for several reasons: first, it was based on new and material evidence in the form of a May 21, 2014 letter that she received from the Virginia Employment Commission denying her claim for unemployment compensation. *Id*. at 3, 30-31. Second, she appears to allege that she requested her "full investigative file" from the Office of Personnel Management (OPM), which she did not receive until December 2, 2014, and discovered at that time that "there was not a single document" from her employing agency included in the report. *Id*. at 5. Third, the appeal was untimely because the appellant lacked attorney representation during the filing period. *Id*. at 3, 5. Fourth, the appellant was in very difficult personal circumstances during this time, including the loss of her job and home, all of

which she said took an emotional toll on her and caused her to feel fatigued, unable to concentrate, depressed, sad, confused, and anxious. *Id*. at 5-6. The appellant stated that her problems were compounded by her attention deficit disorder—a diagnosis that she has had for 10 years. *Id*. at 6. She stated that she could provide medical records upon request. *Id*. The agency has filed a response to the petition for review, opposing it on both timeliness and substantive grounds. PFR File, Tab 4.

¶5  On December 29, 2014, the Clerk of the Board issued an acknowledgement letter, reminding the appellant that her petition for review was untimely filed and informing her that she must establish good cause for the untimely filing no later than January 13, 2015. PFR File, Tab 4 at 1-2. To assist the appellant, the Clerk of the Board attached a "Motion to Accept Filing as Timely or Waive Time Limit" form. *Id*. at 2, 7-8. The appellant did not respond to the acknowledgment letter.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶6  To determine whether an appellant has shown good cause for an untimely filing, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). We have considered the timeliness arguments that the appellant submitted along with her petition for review, but we find that they do not provide a sufficient basis to waive the filing deadline. PFR File, Tab 3 at 4-6.

¶7  In this case, the appellant was proceeding pro se when she filed her petition for review, but we note that as late as March 7, 2014 (the original petition for

review deadline), she was still in discussions with the attorney who represented her below. PFR File, Tab 3 at 4. In fact, it was the appellant's attorney who filed the March 2, 2014 motion for an extension of time. PFR File, Tab 1 at 5. We also find that the filing delay of 9 months was significant. *See Parsons v. Social Security Administration*, 89 M.S.P.R. 478, ¶ 11 (2001).

¶8    In addition, the appellant has not established that she acted with due diligence in filing her petition for review or that situations beyond her control prevented her from timely filing. Assuming without finding that the May 21, 2014 letter from the Virginia Employment Commission contained new and material evidence, the appellant presumably received this letter on May 26, 2014, *see Cabarloc v. Department of Veterans Affairs*, 110 M.S.P.R. 695, ¶ 7 (2009) (documents placed in the mail are presumed to be received in 5 days), yet she waited an additional 6 months to file her petition, *see Blaske v. Department of the Navy*, 76 M.S.P.R. 164, 169-70 (1997) (evidence submitted to show good cause for an untimely filing must address the entire period of the delay), *aff'd*, 168 F.3d. 1322 (Fed. Cir. 1998) (Table). Likewise, although the appellant received documents from OPM only 18 days before she filed her petition for review, PFR File, Tab 3 at 5, she has not explained why she was not able to obtain them any earlier. Nor has the appellant explained why she believes that the information she received from OPM would be material to the outcome of the appeal. *See Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 10 (2009). Regarding the appellant's pro se status, the Board has found that lack of representation generally does not constitute good cause for a filing delay. *See Stewart v. Department of the Navy*, 93 M.S.P.R. 147, ¶ 5 (2002); *see also Barber v. Department of Agriculture*, 63 M.S.P.R. 32, 34-35 (1994). Finally, regarding the appellant's various claimed mental health conditions, the Clerk of the Board informed the appellant that to establish that an untimely filing was the result of an illness, she must: (1) identify the time period during which she suffered from the

illness; (2) submit medical evidence showing that she suffered from the alleged illness during that time period; and (3) explain how the illness prevented her from timely filing her appeal or a request for an extension of time. IAF, Tab 5 at 7 n.1; *see Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). We find that the appellant's listing of various undocumented mental health conditions does not meet these standards. PFR File, Tab 3 at 5-6.

¶9        Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding jurisdiction.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the

United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:  _____
William D. Spencer
Clerk of the Board

Washington, D.C.